**Leona Evelyn CAMERON, Appellant,**

v.

**Donald Eugene CAMERON, Appellee.**

No. 20248.

Court of Civil Appeals of Texas, Dallas.

June 27, 1980.

Thomas K. Boone, Dalton, Moore, Forde, Joiner & Stollenwerck, Dallas, for appellant.

H. Lou Morrison, Jr., Norton, Carol Tipton Daniels, Morrison & Marshall, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and STOREY, JJ.

GUITTARD, Chief Justice.

In this divorce case, the appellant wife complains of the property division and seeks reversal on the ground that she has been unable to obtain a complete statement of facts. The record is complete with respect to the proceedings before the judge, but it shows that the judge adopted the recommendations of a master in chancery with respect to the property issues, and appellant asserts that after using all due diligence she has been unable to obtain a properly authenticated transcript of the testimony heard by the master. We hold that appel-

lant cannot attack the judgment on the basis of evidence—or lack of evidence—before the master. In response to appellant's supplemental point, we hold that her oral objections to the master's report when the case was called for trial were insufficient to require the court to hear evidence on the property division. Consequently, we affirm.

The record shows that the trial judge referred the property issues to a master under authority of Rule 171 of the Texas Rules of Civil Procedure. The master heard evidence and made a written report to the judge. After the report was filed, the parties and their counsel appeared for a final hearing before the judge, who announced his intention to adopt the master's recommendations, except in one respect not now material. Counsel for appellant stated certain objections to the report, but did not offer to produce any evidence concerning the matters covered by the master's findings.

■ We conclude that appellant cannot attack the trial court's findings on the ground of insufficiency of the record before the master. When issues are referred to and heard by a master under Rule 171, the master's report is conclusive on the issues considered by the master in the absence of a proper objection. *Richardson v. McCloskey*, 276 S.W. 680, 684–85 (Tex.Com.App.— 1925, judgmt adopted). A party dissatisfied with the report has the burden to make specific objections before the report is adopted by the court. *Whitehead v. Perie*, 15 Tex. 7, 11–15 (1855). If such objections are made, each party has the right to present evidence on the issues specified in the objections and have the court or jury decide those issues on the basis of the evidence presented in court. *Hillman v. Hillman*, 138 Tex. 111, 157 S.W.2d 143, 145 (1941); *Silver v. Shefman*, 287 S.W.2d 316, 319 (Tex.Civ.App.—Austin 1956, writ ref'd n.r.e.). Since the evidence must be heard anew on issues concerning which objections are made, and the master's findings are conclusive on other issues, the court has no occasion to inquire into the evidence heard by the master. *Whitehead v. Perie, supra*, at 18. Consequently, we hold that on appeal the judgment cannot be attacked on the ground that the evidence before the master was insufficient to support the master's findings, and neither can the judgment be reversed for lack of a record of the evidence before the master.

■ By a supplemental brief, appellant contends that after she had made oral objections to the master's report, the court erred in refusing to hear evidence concerning the property division and in adopting the master's report as the basis for judgment. She argues that even though she did not expressly request the court to hear evidence, and made no offer to present evidence, the court was, nevertheless, required to hear the evidence anew before rendering a decree dividing the property.

We cannot agree that the objections were sufficient to require the court to hear evidence. The case was before the court for final trial on the merits with no objections filed to the master's report. We recognize that the parties had short notice, at best, of the contents of the report. Although the suit had been pending since September, 1978, the order appointing the master was signed June 12, 1979, and the master's report was filed on June 21, one day before the trial setting. At the beginning of the hearing on June 22, the judge announced that he had reviewed the master's report and that the master's findings would be adopted with one change, and that the court would permit either counsel to "make such objections as there may be need to be placed in the record." Counsel for the wife then dictated to the court reporter certain objections to the master's recommendations. The judge then remarked, "Petitioner's exceptions are duly noted in the record. Does petitioner call any witness at this time on other matters in the case?" Counsel for the petitioner replied, "Not at this time."

After hearing testimony from the husband on the grounds of divorce stated in his counterclaim, the judge announced that the divorce was granted and that the master's findings and recommendations concerning

the property issues were adopted. Counsel for the wife made no suggestion to the court that he wished to present any evidence in support of his objections.

We have difficulty in understanding the procedure adopted by the judge in announcing that the master's findings and recommendations were adopted, and then permitting the parties to make "such objections as there may be need to be placed in the record." Perhaps the judge, as well as counsel, had the erroneous impression that the property division was subject to review on appeal on the basis of the sufficiency of the evidence before the master to support his findings and recommendations and that the objections allowed would provide a basis for such review. Or, perhaps, the judge anticipated that one of the parties might complain of lack of opportunity to offer evidence on the property division. In any event, no objection was made to the effect that the appellant wife was denied an opportunity to present evidence in support of her objections to the master's report before the report was adopted by the court.

Counsel for the wife might well have had ground to object that since the master's report had been filed on the preceding day, she had had no opportunity to file formal exceptions to the report or to prepare evidence on the issues thus raised. She made no request, however, for time to file such exceptions or to prepare such evidence. She apparently acquiesced in the court's ruling that the master's findings and recommendations would be adopted, subject to review on appeal on the basis of the evidence before the master. Since that remedy is not available to her, she cannot complain on appeal that the court erred in denying her the right to present evidence in support of her oral objections, a right she failed to assert in the trial court.

Affirmed.