Debra Lynn NOVOTNY, Appellant,

v.

Joseph Patrick NOVOTNY, Appellee.

No. 01–83–0333–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 29, 1983.

Rehearing Denied Jan. 26, 1984.

Diane Richards, Houston, for appellant.

Donald E. Kee, Houston, for guardian ad litem, Donald R. Royall.

Van E. Wittner, Houston, for appellee.

Before JACK SMITH, BULLOCK and COHEN, JJ.

## OPINION

JACK SMITH, Justice.

The primary issue in this divorce case is whether a final judgment had been rendered where the trial court had adopted a Master's report, but prior to entry of a formal divorce decree, the husband died. After several hearings, the trial court concluded that the divorce had been granted and entered a formal decree on that basis. The appellant wife raises nine points of error on appeal.

The record shows that the trial judge referred all issues to a Master pursuant to Rule 171 of the Tex.R.Civ.P. On May 19, 1982, the parties appeared before the Master and announced that this was an agreed divorce proceeding. The Master heard evidence and made a written report to the judge on that same date, and copies of the Master's report were furnished to all parties. On May 24, 1982, no written objections having been filed to the Master's report, the judge "adopted, confirmed and ordered" the Master's report. On June 14, 1982, Mr. Novotny died from a gunshot

wound inflicted by Mrs. Novotny. Thereafter Mrs. Novotny filed a motion to dismiss the suit, and the administrator of Mr. Novotny's estate and the guardian ad litem representing the couple's children filed motions to enter judgment on the Master's report. After several evidentiary hearings the trial judge entered a final judgment granting a divorce on March 24, 1983.

The final divorce decree tracks the findings of the Master's report with the exception of two items. These two items were that an injunction was to issue as per decree and thirteen items of personal property, awarded to Mrs. Novotny, referred to but not itemized in the Master's Report, would be listed in the decree. All issues pertaining to the divorce were decided in the Master's Report and adopted by the court.

In her point of error number one, the appellant urges that the trial court erred in signing and entering the divorce decree after the death of one of the parties to the suit. She argues that the death of one of the parties abates a divorce action, and cites the recent Supreme Court case of *Whatley v. Bacon*, 649 S.W.2d 297 (Tex. 1983) as authority for her position. *Whatley* is distinguishable from the instant case in that a final hearing had not been held to determine the issues involved in the case. In *Whatley*, we note that the Supreme Court cited *Garrison v. Texas Commerce Bank*, 560 S.W.2d 451 (Tex.Civ.App.— Houston [1st Dist.] 1977, writ ref'd n.r.e.) as authority for the proposition that "death of a party abates a divorce action . . .". In *Garrison*, Chief Justice Coleman stated as follows:

> It is well settled that a cause of action for a divorce is purely personal and that the cause of action for a divorce terminates on the death of either spouse *prior to the rendition granting a divorce.* (emphasis added)

In the instant case, as heretofore stated, the suit was set for trial and referred by the trial judge to a Master. The Master heard the proceeding on an agreed basis, made his findings, and five days later, no objections having been received to the Master's report, the trial judge "adopted, confirmed and ordered" the Master's report approved.

When issues are referred to and heard by a Master under Rule 171, the Master's report is conclusive on the issues considered by the Master in the absence of a proper objection. *Cameron v. Cameron*, 601 S.W.2d 814 (Tex.Civ.App.—Dallas 1980, no writ). A party dissatisfied with the report has the burden to make specific objections before the report is adopted by the court. *Cameron, supra*. No objections to the Master's report were filed by either party to this cause of action prior to its adoption by the court.

The next consideration is whether the adoption of a Master's report by a court is tantamount to a rendition of judgment by the court. A rendition of judgment is the pronouncement by the court of its conclusions and decision upon the matters submitted to it for adjudication. Such conclusions and decisions may be oral or written, and judgment is rendered when the decision is officially announced either orally in open court or by a memorandum filed by the clerk of the court. *Comet Aluminum Co., Inc. v. Dibrell*, 450 S.W.2d 56 (Tex.1970); *Dunn v. Dunn*, 439 S.W.2d 830 (Tex.1969).

The principle that a memorandum, dispositive of all issues in a case, is a valid rendition of judgment is predicated upon the supportive principle that the entry of a trial judgment is only a ministerial act. In this connection, the memorandum is analogous to an oral pronouncement of judgment by the court. *See and compare Ex parte Olivares*, 662 S.W.2d 594 (Tex. 1983); *Dunn v. Dunn, supra; Williams v. Wyrick*, 151 Tex. 40, 245 S.W.2d 961 (1952). Thus, a written judgment signed by the trial judge is not a prerequisite to finality of a judgment. *Texas State Board of Examiners In Optometry v. Lane*, 337 S.W.2d 801 (Tex.Civ.App.—Fort Worth 1960, writ ref'd). Accordingly, we conclude that the death of one of the parties does

not abate a divorce action where a prior court order disposing of all issues has been rendered. The appellant's first point of error is overruled.

The appellant's eighth point of error is somewhat analogous to her first point of error in that the appellant alleges that the issues became moot when Mr. Novotny died. A case may become moot on appeal and in such an event the case should be dismissed. However, in the instant case the property rights of the parties would be significantly affected depending upon whether the marriage had been terminated by divorce decree or by death. In the instant case the proceeds of certain employment benefits and an insurance policy would go to the appellant if the marriage was terminated by death. On the other hand, these proceeds would go to other parties if the marriage was terminated by divorce decree. Under these circumstances we conclude that the trial court was correct in holding that the issues in this case were not moot and in refusing to dismiss the case. *Dunn v. Dunn, supra.* The appellant's eighth point of error is overruled.

In points of error two, three, and four, the appellant contends that the trial court erred because it has not been affirmatively shown that the decree was an agreed judgment or that the agreement had been completed, but to the contrary, that the divorce had been repudiated by both of the parties. The record does not support these contentions. The Master's report was signed on May 19, 1982, and adopted by the court on May 24, 1982. There were no objections made to the Master's report prior to the trial judge adopting it. The Master testified in an evidentiary hearing that this was an agreed divorce proceeding. Everything in the record indicates that this was an agreed divorce proceeding and that neither of the parties repudiated their agreement prior to the time the court rendered its judgment adopting the Master's report, which disposed of all issues. Points of error two, three, and four, are overruled.

In points of error five, six, and seven, the appellant asserts that the signing and entering of the final divorce decree after Mr. Novotny's death was error because the issue of property rights was not settled, that such issue is not severable from the divorce issue, that there had not been an adjudication of property rights, and generally alleges that all issues had not been adjudicated. We agree with the appellant in her assertion that the divorce issue and the property rights issue are not severable issues when a divorce suit is pending. In a divorce action the rights of all parties and the disposition of all issues must be determined so that no future action by the court is necessary to settle and determine the entire controversy. *Campbell v. Campbell*, 550 S.W.2d 164 (Tex.Civ. App.—Austin 1977, no writ). Such are not the facts in the instant case. At a hearing subsequent to Mr. Novotny's death, but prior to the signing of the final decree, the Master testified that when the parties appeared before him, he asked if there were any differences between them concerning the divorce, property or custody issues in the case. He said that they advised him there were no differences and that this was "an agreed divorce." He also testified that no written objections to the agreement were filed with him. The record confirms his testimony that no objections were made to the Master's report prior to its adoption by the trial court. The appellant's attorney testified at the evidentiary hearing that there was an agreement between the parties, which agreement had been forwarded to the appellee's attorney but was never signed.

The appellant also testified that she was present at the hearing before the Master and that her attorney had entered into an agreement on her behalf.

The appellant asserts that after the Master's hearing a dispute arose among the parties as to the property issues. We view this dispute as immaterial because neither of the parties made the trial court aware of their dispute nor did they file objections to the Master's report

prior to the time it was adopted by the court; hence, when the court adopted the Master's report, judgment was rendered and the Master's findings became conclusive on all issues. *Cameron v. Cameron, supra.* Under these circumstances we conclude that the court had adjudicated all property rights and all issues concerning property rights were settled. We find no error in the court's signing and entering judgment on March 24, *1983,* based upon its prior rendition of judgment on May 24, *1982.* The appellant's fifth, sixth, and seventh, points of error are overruled.

The appellant's ninth and final point of error generally alleges that the court erred in not signing a dismissal order because of the death of one of the parties. The appellant's position and argument under this point of error is that the trial court erroneously failed to dismiss the cause of action after Mr. Novotny died. The appellant relies on *Whatley, supra,* and *Ex parte Cahill,* 286 S.W.2d 210 (Tex.Civ.App. —Beaumont 1955, no writ) as authority for her position. These cases are distinguishable because no prior rendition of a judgment had been made as in the instant case. We have heretofore held that all issues before the trial court had been decided and that the trial court had made its decision and rendered a final judgment. Therefore, we conclude that the trial court properly refused to grant the appellant's motion to dismiss. The appellant's point of error number nine is overruled.

The judgment of the trial court is affirmed.