McCRORY & CO., INC., and Highlands Underwriters Insurance Company, Appellants,

v.

AVERY MAYS CONSTRUCTION COMPANY, Appellee.

No. 05–84–00521–CV.

Court of Appeals of Texas, Dallas.

April 22, 1985.

Rehearing Denied May 21, 1985.

William P. Weir, Fort Worth, Arch M. Skelton, Dallas, for appellants.

**334**

Gary W. Maxfield, Dallas, for appellee.

Before STEPHENS, ALLEN and McCLUNG, JJ.

McCLUNG, Justice.

McCrory & Co., Inc., a subcontractor, brought this breach of contract suit against Avery Mays Construction Company, the general contractor. Mays counterclaimed against McCrory and joined Highlands Underwriters Insurance Company on its performance bond on McCrory. The parties waived a jury trial and a master in chancery was appointed by the trial court. The court adopted the master's findings and rendered judgment against McCrory.

McCrory contends that the court erred (1) in making findings that are contrary to the great weight and preponderance of the evidence; (2) in basing its judgment on a master's report which was not admitted in evidence; and (3) in not allowing McCrory a reasonable opportunity to file objections to the master's report before entering the judgment. We disagree; consequently, we affirm.

■ McCrory argues that the master was appointed by agreement of the parties and not pursuant to the authority of rule 171 of the Texas Rules of Civil Procedure. Appellant has not cited any authority, nor are we aware of any other than rule 171, which would permit the trial court to appoint a master. The order appointing the master is in compliance with rule 171, and makes a finding that good cause exists to appoint a master. We conclude that the master was properly appointed pursuant to rule 171.

■ McCrory complains further that the court's findings are contrary to the great weight and preponderance of the evidence. The court's findings of facts and conclusions of law state that the master's report and the master's findings as submitted were considered, found proper, and confirmed and approved as findings of fact by the court. The record does not disclose that McCrory made any objections to the master's report prior to its adoption by the trial court. The order overruling the request for additional or amended findings of fact and conclusions of law specifically states that no objection or exception to the master's report was filed before the court adopted the report. We hold that *Cameron v. Cameron*, 601 S.W.2d 814 (Tex.Civ. App.—Dallas 1980, no writ) is controlling under these facts. When issues are referred to and heard by a master under Rule 171, the master's report is conclusive on the issues considered by the master in the absence of a proper objection. *Cameron*, 601 S.W.2d at 815. A party dissatisfied with the report has the burden to make specific objections before the report is adopted by the court. *Novotny v. Novotny*, 665 S.W.2d 171, 173 (Tex.App.—Houston [1st Dist.] 1983, writ dismissed).

■ We conclude that McCrory cannot attack the findings of the trial court which were based on the master's report because McCrory offered no objection to the master's report prior to its adoption by the court. *See Cameron*, 601 S.W.2d at 814. This point of error is overruled.

■ McCrory also contends that the court's failure to make additional findings of fact and conclusions of law is so against the great weight and preponderance of the evidence to be wrong and unjust. The additional findings and conclusions requested by McCrory were in conflict with the original findings and conclusions; therefore, the trial court did not err in refusing to file the additional findings and conclusions. *Wallace v. Wallace*, 623 S.W.2d 723, 724 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). This point of error is overruled.

■ McCrory contends that the four-day time span between the filing of the master's report on February 6, 1984, and the court's adoption of the report on February 10, 1984, did not provide him a reasonable opportunity to object to the report. There is nothing in the record to indicate that McCrory requested additional time to file objections or exceptions to the master's report prior to its adoption. In addition,

his motion for new trial does not raise a lack of opportunity to object to the report. Since he failed to assert any objection, or his right to object, to the report before the trial court, he may not do so for the first time on appeal. *Cameron*, 601 S.W.2d at 816.

Accordingly, the judgment of the trial court is affirmed.