NUMBER 13-99-634-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


LEO F. ELLIOT, Appellant,


v.


DOROTHY R. ELLIOT, Appellee.

___________________________________________________________________


On appeal from the County Court at Law No.1 

of Hidalgo County, Texas.

___________________________________________________________________


OPINION ON MOTION FOR REHEARING

Before Justices Hinojosa, Yañez, and Chavez (1)

Opinion by Justice Yañez


We issued our original opinion on February 15, 2000. Appellee subsequently filed a motion for rehearing. We grant the
motion for rehearing, withdraw our previous opinion, and substitute the following as the opinion of this Court.

Appellant, Leo Elliot, challenges the decree of divorce that dissolved his marriage with Dorothy Elliot. We affirm the
judgment of the trial court.

Appellant married appellee on July 29, 1993. The marriage was troubled from the beginning and in May of 1995, appellant
left the marital residence permanently. Appellee sued for divorce and appellant answered and counter-claimed for divorce.
There were disputes over discovery before the case ultimately came to trial.

During the trial, the court appointed a master in chancery in an effort to determine the extent of the marital estate and
separate estates of the parties. There are indications in the record that appellant was unwilling to comply with efforts to
discover the size of his separate estate and the amount of income produced by this estate during the marriage. The trial
court stated that the master had complained on several occasions of recalcitrance on appellant's part. Ultimately the trial
court decided not to require a report from the master in chancery and ruled based on the evidence presented at the trial prior
to the appointment of the master. The trial court awarded to each party the property in each party's possession, and awarded
to appellee $300,000, plus $40,000 in attorneys' fees. The court further awarded $15,000 to appellee if the cause was
appealed, with an additional $10,000 if an application for writ of error to the Texas Supreme Court was filed, and another
$15,000 if the writ of error was granted. Appellant challenges the monetary award with three issues on appeal.

With his first issue, appellant complains that the trial court erred by not ordering the master in chancery to prepare an order.
Appellant argues that, had the master prepared a report, he would have been entitled to a trial de novo on any portions of
the master's report that he challenged. See Young v. Young, 854 S.W.2d 698, 701 (Tex. App.--Dallas 1993, no writ)
("issues of fact raised by [objections to a master's report] are to be tried de novo before the court if a jury has not been
requested, or before a jury if one has been timely requested and a jury fee has been paid").

A court may appoint a master "in exceptional cases, for good cause[.]" Tex. R. Civ. P. 171. A party is not entitled to have
a master appointed. See Simpson v. Canales, 806 S.W.2d 802, 811 (Tex. 1991) (appointment of a master lies within the
sound discretion of the trial court).

The trial court stated it had received no formal report from the master, although on several occasions the master had
reported to the court, in chambers, about problems the master was having obtaining information from the appellant about
the appellant's property. The master stated, at the hearing on appellant's motion to reopen the evidence, that the only
"useful information" he had received from appellant was received in the context of a settlement negotiation and the master
believed that information was privileged. At the hearing on appellant's motion for new trial, the court again emphasized
that the master had been unable to prepare a report and that the court regretted having to make a decision without the
guidance such a report would have provided. 

Appellant's first issue is essentially a complaint about a report that was never made. The trial court was not influenced by
the report, and appellant was not harmed by the master's report, because there was no master's report. The court stated that
the only report it received were statements by the master about difficulties he was having obtaining information from
appellant. The trial court attempted to resort to the use of a master to handle the case, but ultimately abandoned that
approach and ruled based on the evidence before the court. An appellate court may reverse a judgment only when it is
shown that the trial court made an error and the error probably caused the rendition of an improper judgment, or prevented
the appellant from properly presenting the case to the court of appeals. Tex. R. App. P. 44.1. Because the trial court did
not rule based on a report by the master, but rather on the evidence before the court, we do not find that appellant was
harmed by the failure of the master to file a report. Issue number one is dismissed.

In his second issue, appellant contends that the evidence was factually insufficient to support the trial court's conclusion
that the division of the community property was just and fair. Specifically, appellant argues the evidence was factually
insufficient to support the award of $300,000 to appellee. 

When considering a factual sufficiency challenge, we overturn findings only if they are so against the great weight and
preponderance of the evidence as to be clearly wrong and unjust. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996); In re
Cummings, 13 S.W.3d 472, 477 (Tex. App.--Corpus Christi 2000, no pet.). The standards for reviewing the legal and
factual sufficiency of the evidence applied in reviewing a trial to the court are the same standards that are applied in
reviewing the legal and factual sufficiency of the evidence in a trial to a jury. Humphrey v. Camelot Retirement
Community, 893 S.W.2d 55, 58 (Tex. App.--Corpus Christi 1994, no writ). 

Trial courts are given wide discretion when dividing the marital estate. Tenery v. Tenery, 932 S.W.2d 29, 30 (Tex.
1996);Vandiver v. Vandiver, 4 S.W.3d 300, 303 (Tex. App.--Corpus Christi 1999, pet. denied)(opinion on rehearing). The
trial court is presumed to have exercised its discretion properly. Murff v. Murff, 615 S.W.2d 696, 699 (Tex. 1981); LeBlanc
v. LeBlanc, 761 S.W.2d 450, 452 (Tex. App.--Corpus Christi 1988), writ denied per curiam, 778 S.W.2d 865 (Tex. 1996).
The test for abuse of discretion is whether the court acted arbitrarily or unreasonably, not whether, in the opinion of the
reviewing court, the facts present an appropriate case for the trial court's action. LeBlanc, 762 S.W.2d at 452. The burden
is on the appellant to demonstrate from the record that the trial court's division is so manifestly unfair and unjust as to
constitute a clear abuse of discretion. Welch v. Welch, 694 S.W.2d 374, 376 (Tex. App.--Houston [14th Dist.] 1985, no
writ).

A trial court is not required to divide marital property equally. Murff, 615 S.W.2d at 698-99. In exercising its discretion in
dividing the estate, the trial court:

may consider such factors as the spouses' capacities and abilities, benefits which the party not at fault would have derived
from continuation of the marriage, business opportunities, education, relative physical conditions, relative financial
condition and obligations, disparity of ages, size of separate estates, and the nature of the property.



Id. at 699. The trial court may also consider the disparity in earning capacities or incomes. Id.

At trial, evidence was introduced, in the form of testimony by a certified public accountant, that the community estate had
income and growth between $520,788 and $654,955. Either of these amounts would support an award of $300,000.
Appellee testified about her income from a variety of sources, including Social Security and a teacher's retirement fund.
The evidence at the trial indicated that appellant was in better financial condition than was appellee and had a much larger
estate than did appellee. We find sufficient evidence to support the trial court's award of $300,000 to appellee. Issue two is
overruled.

In his third and final issue, appellant argues that appellee presented no evidence to support the trial court's award of
attorney's fees.

In a case tried to the court, the standards applied when reviewing the sufficiency of the evidence supporting the court's
findings are the same as the standards applied when reviewing the sufficiency of the evidence supporting a jury's findings.
Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991). 

A "no evidence" standard of review is applied when the party not bearing the burden of proof challenges a finding of fact
by arguing that the evidence is legally insufficient to support the finding. Hickey v. Couchman, 797 S.W.2d 103, 109 (Tex.
App.--Corpus Christi 1990, writ denied)(citing Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983)). If any evidence of
probative value supports the finding, we must uphold the finding. Id. When reviewing a legal sufficiency challenge, we
consider all the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that
party's favor. Associated Indem. Corp. v. CAT Contracting, 964 S.W.2d 276, 286 (Tex. 1998); Norwest Mortgage, Inc. v.
Salinas, 999 S.W.2d 846, 853 (Tex. App.--Corpus Christi 1999, pet. denied). A legal sufficiency challenge is sustained
when the record discloses: (1) that there is a complete absence of evidence of a vital fact; (2) that the court is barred by
rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) that the evidence
offered to prove a vital fact is no more than a scintilla; or (4) that the evidence conclusively establishes the opposite of the
vital fact. Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997); Norwest Mortgage, 999 S.W.2d at
853. 

In the instant case, Elliot's attorney testified that he had invested "in excess of two hundred hours" in the case, and that two
other attorneys had also been involved in the case. The court stated that it would take judicial notice of the customary fees
for cases such as this one in Hidalgo County, after appellant's counsel stated that he would not object to the court taking
judicial notice of customary attorney's fees. 

Normally, an attorney's statements must be under oath to be considered evidence; however, the opponent of the testimony
waives the oath requirement by failing to object when the opponent knows or should know that an objection is necessary.
Banda v. Garcia, 955 S.W.2d 270, 272 (Tex. 1997).

Appellee's counsel did not take an oath before discussing the hours he had spent on the case, nevertheless, appellant should
have known an objection was necessary. The testimony was introduced following the court asking appellee's counsel if he
was testifying as to attorney's fees and sanctions. Appellee's counsel stated that he would like to testify, and his statements
about the hours spent by him and assisting counsel were clearly meant to prove the amount of time spent on the case. The
trial judge stated that he "was trying to calculate the figure you are asking for." Appellant did not object to the testimony of
appellee's counsel as to the number of hours expended on the case. Appellant also accepted the trial judge taking judicial
notice of the fees customarily charged for cases such as these. Appellant waived any objection he had to the statements
made by appellee's counsel as to attorney's fees. Tex. R. App. P. 33.1; See also Banda, 955 S.W.2d at 272. There was
sufficient evidence to support the trial court's award of attorney's fees. Issue number three is overruled.

Appellee's Crosspoint

Appellee filed a brief in answer to the appeal, in which she raises a single cross-point of error. In her crosspoint, appellee
alleges that the appellant's appeal is frivolous and she requests sanctions. This is not the proper subject of a cross-point.
See Tex. R. App. P. 45 (court of appeals may award sanctions if on its own initiative, or motion of a party, if the court
determines the appeal is frivolous). The proper way for a party to invoke the authority of this Court to impose sanctions for
a frivolous appeal is through a motion. Id. (2) Further, we do not find this appeal to warrant sanctions. Appellee's
crosspoint is overruled.

The judgment of the trial court is AFFIRMED.



LINDA REYNA YAÑEZ

Justice




Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

17th day of May, 2001.

1. Retired Justice Melchor Chavez assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Further, we note that appellee wholly fails to provide any citations to authority or the record to support this issue, in
violation of the briefing requirements contained in the rules of appellate procedure. See Tex. R. App. P. 38.1(h)(briefs
must contain "appropriate citations to authorities and to the record"); CherCo Prop., Inc. v. Law Snakard & Gambill, P.C.,
985 S.W.2d 262, 266-67 (Tex. App.--Fort Worth 1999, no pet.); Lueg v. Lueg, 976 S.W.2d 308, 312 (Tex. App.--Corpus
Christi 1998, pet. denied). Appellee directs the Court to review the entire record for support for her argument. It is not this
Court's duty to "to seine the record" to find support for an issue raised by a party on appeal. Harkins v. Dever Nursing
Home, 999 S.W.2d 571, 572 (Tex. App.--Houston [14th Dist.] 1999, no pet.).

The Court also discourages personal attacks, such as those contained in appellee's crosspoint, in which appellee
characterizes appellant as a "stubborn old Iowa farmer." Such attacks are inappropriate and do not constitute the kind of
argument properly contained in an appellate brief.