

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00019-CV

_____

IN THE MATTER OF THE MARRIAGE OF
SAM MARION ROBBINS AND DONNA KAROL ROBBINS

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 08-D-0739-102

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

In the divorce of Sam Marion and Donna Karol Robbins, the characterization of Edward Jones Account number 23307411816 (Jones account) as to whether it was the separate property of Sam or whether it was community property was a bone of contention. The trial court determined that the Jones account was partly Sam's separate property, but that the larger part was community property, prompting this appeal by Sam—who maintains that the Jones account is entirely his separate property and estate. A special master appointed by the trial court rendered findings regarding the Jones account and the trial court's findings track those of the special master. In addition to challenging the characterization of the property, Sam argues that he was entitled to a trial de novo on this matter upon his objection to the master's report and maintains that he was not awarded a de novo hearing of the issue. Because we find the property was properly characterized, an issue dispositive of this appeal, we affirm the trial court's judgment.

I.      **Factual and Procedural History**

The trial court appointed special master James B. Cranford, Jr., to hear evidence of which assets were acquired prior to the marriage. Cranford's report stated that "[t]here was . . . conflicting testimony concerning [the Jones account] which has a value, as of June 22, 2009, of $260,324.00." Sam testified that sums distributed from a separate property trust[1] and life insurance policy acquired before marriage were first deposited into an account at BancorpSouth,

---

[1] The trust "spins off" about "eighteen . . . thousand bucks every quarter," but "[n]ow it's down to less than half of that."

2

and then transferred to the Jones account.   Therefore, he argued that all of the money in the Jones account was his separate property.   Donna testified that the BancorpSouth account was a joint account, carried in both her name and in Sam's name, and that she had written checks on that account.   Thus, she argued that Sam's separate property had been commingled when deposits were made into the BancorpSouth account containing community funds.   The special master found:

> There was no . . . clear and convincing evidence to show that all of such [Jones account] funds could in fact be traced back to [Sam's] separate accounts or the nature of the funds distributed from the original separate accounts.   Such funds were placed into a joint account which joint account had had other community funds placed into it during the marriage.
>
> Further, there was no testimony as to the distributions from such trust or separate accounts as to whether such were in fact principal or interest or based upon earnings of the trust during the time of the marriage.

Because $40,000.00 was in the Jones account as of the date of Sam and Donna's marriage, the master concluded that only that portion of the Jones account was separate property, but that the remaining $220,000.00[2] was community property.

Sam filed an objection to Cranford's report challenging the findings with respect to the Jones account and asked for the trial court to conduct "a de novo hearing on this matter."   The court held a hearing on the objection to Cranford's report and stated, "I'm going to go ahead and let you make a record on that specific point today," after which both parties had an opportunity to present evidence concerning the status of the Jones account.

---

[2]There is a $324.00 discrepancy in the property division.

3

The trial to the court produced testimony from Sam that the BancorpSouth account had been his separate account prior to marriage and that he added Donna's name to the account after marriage. Sam introduced exhibits reflecting activity from the Jones account. He claims that all the money in the account came from a trust account which he had prior to marriage. Sam did not introduce any exhibits relating to the BancorpSouth account. Reference was made that these documents were included in the hearing in front of Cranford and that the hearing had been transcribed. The trial court told the parties that it wished to see the exhibits and transcription from the master's hearing, at which point Sam's counsel objected and argued that the hearing to the court was to be de novo.

The trial court stated, "If it's de novo, I'm going to go with what I have today. If it's transcription, I'll go by what the transcription is." The trial court adopted Cranford's report, took into consideration evidence presented during the master's hearing, and divided the community property accordingly.[3]

On appeal, Sam argues that he was entitled to trial de novo "and the Court should have only considered evidence presented at the trial de novo when characterizing the . . . Jones Account." Sam continues that "[b]ecause the Court considered evidence presented to the Master when characterizing the . . . Jones Account, Appellant was denied his right to a trial de novo." Yet, in

---

[3]Sam requested findings of fact and conclusions of law from the trial court. The trial court's findings mirrored Cranford's report. "Since the evidence must be heard anew on issues concerning which objections are made, and the master's findings are conclusive on other issues, the court has no occasion to inquire into the evidence heard by the master." *Cameron v. Cameron*, 601 S.W.2d 814, 815 (Tex. Civ. App.—Dallas 1980, no writ).

4

his brief, Sam cites to the hearing presented to Cranford, the record of which is not before this Court, and to evidence presented during that hearing in an attempt to establish that the Jones account was conclusively established to be his separate property. Because we find that Sam failed to establish the property as his separate property, an issue dispositive of this appeal, we affirm the trial court's findings.

## II.    Standard of Review

The trial court in this case was authorized to "confirm, modify, correct, reject, reverse or recommit [Cranford's] report . . . [if deemed] proper and necessary in the particular circumstances of the case." TEX. R. CIV. P. 171; *Martin v. Martin*, 797 S.W.2d 347, 350 (Tex. App.—Texarkana 1990, no writ). Modifications or corrections by the trial court could not be made without "having some basis in evidence upon which to make these modifications and corrections." *Martin*, 797 S.W.2d at 350. Cranford's report was conclusive on issues to which no objection was properly raised, but was without force concerning characterization of the Jones account. *Id.* (citing *Cameron*, 601 S.W.2d 814). Because issues of fact objected to "must be heard anew," "this Court is not reviewing the master's findings to determine if they are supported by evidence. We are reviewing the trial court's findings." *Id.* The trial court's division of property is only corrected when it "clearly abused its discretion by a division that is manifestly unjust and unfair." *Id.* at 351 (citing *McKnight v. McKnight*, 543 S.W.2d 863 (Tex. 1976)). There is a presumption on appeal that the trial court properly exercised its discretion in dividing property in a divorce proceeding.

5

*Id.* Thus, Sam bears the burden to show from the record that the division was so disproportionate as to be manifestly unfair.

**III.** **Sam Failed to Meet His Burden to Prove the Jones Account Was His Separate Property**

One fact must be established from the outset. Cranford found that the BancorpSouth account was a "joint account [which] had had other community funds placed into it during the marriage." Since this finding was unchallenged, it became conclusive. *Id.* at 350. The Jones account increased in value by approximately $220,000.00. Property acquired during marriage is presumed to be community property. TEX. FAM. CODE ANN. § 3.003(a) (Vernon 2006). To rebut this presumption, Sam (who sought to prove the Jones account's separate character and had the burden to do so), must have done so by clear and convincing evidence that would "produc[e] in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *In re Marriage of Born*, No. 06-08-00066-CV, 2009 WL 1010876, at \*2 (Tex. App.—Texarkana Apr. 16, 2009, no pet.) (mem. op.) (citing *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002)); *see* TEX. FAM. CODE ANN. § 3.003(b) (Vernon 2006).

In order to meet his burden, Sam was required to trace the assets on hand during the marriage back to his separate property. *Born*, 2009 WL 1010876, at \*2 (citing *Cockerham v. Cockerham*, 527 S.W.2d 162, 167 (Tex. 1975)). This could be done even if funds in the BancorpSouth account were commingled as "[c]ourts have no difficulty in following separate funds through bank accounts" where the funds are traced in such a manner that "the trial court is

able to determine accurately the interest of each party." *Id.* at *3 (citing *Holloway v. Holloway*, 671 S.W.2d 51, 60 (Tex. App.—Dallas 1983, writ dism'd)). "The burden of tracing is a difficult, but not impossible, burden to sustain." *Id.* at *2. However, "[i]f separate property and community property have been so commingled as to defy resegregation and identification, the statutory presumption of community property prevails." *Id.* (citing *In re Estate of Hanau*, 730 S.W.2d 663, 667 (Tex. 1987)). Accordingly, we resolve any doubt as to the character of property in favor of the community estate. *Id.*

The master found that the BancorpSouth account was a joint account that contained community funds.[4] Yet, Sam failed to produce records from BancorpSouth in either hearing, save one document demonstrating that Donna's name was on the account and that transfers to or from unspecified trusts occurred on September 27, 2004.[5] The Jones account documents Sam produced did nothing to demonstrate that there was no taint of the separate property character of the assets with community property funds while they were in the BancorpSouth account. Further, the records indicated that certain sums were classified as income, and Sam's counsel agreed that "[t]he vast majority of the money or all of the money in [the Jones] account came from your trust that you established prior to marriage or the growth of the stock from there." Interest earned on

---

[4]The trial court heard that a transfer of money acquired from the sale of inherited property was placed into the Jones account. The parties were married on September 9, 1999. From the record exhibits, it is unclear whether the inherited stock was sold prior to or after the date of marriage.

[5]The account was closed in 2006.

7

separate property during the marriage is community property.  *McElwee v. McElwee*, 911 S.W.2d 182, 188–89 (Tex. App.—Houston [1st Dist.] 1995, writ denied).

In sum, we find that Sam failed to prove the separate character of the Jones account after his marriage to Donna by clear and convincing evidence.   In the absence of evidence that the trial court clearly abused its discretion by creating a manifestly unjust and unfair division of property, we may not reverse its judgment.

## IV.    Conclusion

We affirm the trial court's judgment.


Bailey C. Moseley
Justice


Date Submitted:        August 3, 2010
Date Decided:          August 12, 2010

8