In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00019-CV

                                                ______________________________

 

 

                             IN THE MATTER OF THE
MARRIAGE OF

             SAM MARION ROBBINS AND DONNA KAROL ROBBINS

 

 

                                                                                                  


 

 

                                      On Appeal from the 102nd
Judicial District Court

                                                             Bowie County, Texas

                                                     Trial Court No. 08-D-0739-102

 

                                                  
                                                

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            In
the divorce of Sam Marion and Donna Karol Robbins, the characterization of
Edward Jones Account number 23307411816 (Jones account) as to whether it was
the separate property of Sam or whether it was community property was a bone of
contention.  The trial court determined that
the Jones account was partly Sam’s separate property, but that the larger part was
community property, prompting this appeal by Sam––who maintains that the Jones account
is entirely his separate property and estate. 
A special master appointed by the trial court rendered findings
regarding the Jones account and the trial court’s findings track those of the
special master.  In addition to
challenging the characterization of the property, Sam argues that he was
entitled to a trial de novo on this matter upon his objection to the master’s
report and maintains that he was not awarded a de novo hearing of the
issue.  Because we find the property was
properly characterized, an issue dispositive of this appeal, we affirm the
trial court’s judgment.  

I.          Factual and Procedural
History 

            The
trial court appointed special master James B. Cranford, Jr., to hear evidence
of which assets were acquired prior to the marriage.  Cranford’s report stated that “[t]here was .
. . conflicting testimony concerning [the Jones account] which has a value, as
of June 22, 2009, of $260,324.00.”  Sam
testified that sums distributed from a separate property trust[1]
and life insurance policy acquired before marriage were first deposited into an
account at BancorpSouth, and then transferred to the Jones account.  Therefore, he argued that all of the money in
the Jones account was his separate property. 
Donna testified that the BancorpSouth account was a joint account,
carried in both her name and in Sam’s name, and that she had written checks on
that account.  Thus, she argued that Sam’s
separate property had been commingled when deposits were made into the
BancorpSouth account containing community funds.  The special master found:

There was no . . . clear and convincing evidence
to show that all of such [Jones account] funds could in fact be traced back to
[Sam’s] separate accounts or the nature of the funds distributed from the
original separate accounts.  Such funds
were placed into a joint account which joint account had had other community
funds placed into it during the marriage. 


            Further,
there was no testimony as to the distributions from such trust or separate
accounts as to whether such were in fact principal or interest or based upon
earnings of the trust during the time of the marriage.

 

Because $40,000.00 was in the
Jones account as of the date of Sam and Donna’s marriage, the master concluded
that only that portion of the Jones account was separate property, but that the
remaining $220,000.00[2]
was community property.  

            Sam
filed an objection to Cranford’s report challenging the findings with respect
to the Jones account and asked for the trial court to conduct “a de novo
hearing on this matter.”  The court held
a hearing on the objection to Cranford’s report and stated, “I’m going to go
ahead and let you make a record on that specific point today,” after which both
parties had an opportunity to present evidence concerning the status of the
Jones account.  

            The
trial to the court produced testimony from Sam that the BancorpSouth account
had been his separate account prior to marriage and that he added Donna’s name
to the account after marriage.  Sam
introduced exhibits reflecting activity from the Jones account.  He claims that all the money in the account
came from a trust account which he had prior to marriage.  Sam did not introduce any exhibits relating
to the BancorpSouth account.  Reference was
made that these documents were included in the hearing in front of Cranford and
that the hearing had been transcribed. 
The trial court told the parties that it wished to see the exhibits and
transcription from the master’s hearing, at which point Sam’s counsel objected
and argued that the hearing to the court was to be de novo.  

            The
trial court stated, “If it’s de novo, I’m going to go with what I have
today.  If it’s transcription, I’ll go by
what the transcription is.”  The trial
court adopted Cranford’s report, took into consideration evidence presented
during the master’s hearing, and divided the community property accordingly.[3]  

            On
appeal, Sam argues that he was entitled to trial de novo “and the Court should
have only considered evidence presented at the trial de novo when
characterizing the . . . Jones Account.” 
Sam continues that “[b]ecause the Court considered evidence presented to
the Master when characterizing the . . . Jones Account, Appellant was denied
his right to a trial de novo.”  Yet, in
his brief, Sam cites to the hearing presented to Cranford, the record of which
is not before this Court, and to evidence presented during that hearing in an
attempt to establish that the Jones account was conclusively established to be
his separate property.  Because we find
that Sam failed to establish the property as his separate property, an issue
dispositive of this appeal, we affirm the trial court’s findings.  

II.        Standard of Review 

            The
trial court in this case was authorized to “confirm, modify, correct, reject,
reverse or recommit [Cranford’s] report . . . [if deemed] proper and necessary
in the particular circumstances of the case.”  Tex. R.
Civ. P. 171; Martin v. Martin,
797 S.W.2d 347, 350 (Tex. App.––Texarkana 1990, no writ).  Modifications or corrections by the trial
court could not be made without “having some basis in evidence upon which to
make these modifications and corrections.” 
Martin, 797 S.W.2d at 350.  Cranford’s report was conclusive on issues
to which no objection was properly raised, but was without force concerning
characterization of the Jones account.  Id. (citing Cameron, 601 S.W.2d 814). 
Because issues of fact objected to “must be heard anew,” “this Court is
not reviewing the master’s findings to determine if they are supported by
evidence.  We are reviewing the trial
court’s findings.”  Id.  The trial court’s
division of property is only corrected when it “clearly abused its discretion
by a division that is manifestly unjust and unfair.”  Id. at
351 (citing McKnight v. McKnight, 543
S.W.2d 863 (Tex. 1976)).  There is a
presumption on appeal that the trial court properly exercised its discretion in
dividing property in a divorce proceeding. 
Id.  Thus, Sam bears the burden to show from the
record that the division was so disproportionate as to be manifestly
unfair.  

III.       Sam Failed to Meet His Burden to Prove the Jones Account Was His
Separate Property

 

            One fact must be established from
the outset.  Cranford found that the
BancorpSouth account was a “joint account [which] had had other community funds
placed into it during the marriage.” 
Since this finding was unchallenged, it became conclusive.  Id. at
350.  The Jones account increased in
value by approximately $220,000.00. 
Property acquired during marriage is presumed to be community property.  Tex.
Fam. Code Ann. § 3.003(a) (Vernon 2006).  To rebut this presumption, Sam (who sought to
prove the Jones account’s separate character and had the burden to do so), must
have done so by clear and convincing evidence that would “produc[e] in the mind
of the trier of fact a firm belief or conviction as to the truth of the
allegations sought to be established.”  In re Marriage of Born, No. 06-08-00066-CV,
2009 WL 1010876, at *2 (Tex. App.––Texarkana Apr. 16, 2009, no pet.) (mem. op.)
(citing In re C.H., 89 S.W.3d 17, 25
(Tex. 2002)); see Tex. Fam. Code Ann. § 3.003(b) (Vernon
2006). 

            In
order to meet his burden, Sam was required to trace the assets on hand during
the marriage back to his separate property. 
Born, 2009 WL 1010876, at *2 (citing
Cockerham v. Cockerham, 527 S.W.2d 162, 167 (Tex. 1975)).  This could be done even if funds in the
BancorpSouth account were commingled as “[c]ourts have no difficulty in
following separate funds through bank accounts” where the funds are traced in
such a manner that “the trial court is able to determine accurately the
interest of each party.”  Id. at *3 (citing Holloway v. Holloway, 671 S.W.2d 51, 60 (Tex. App.––Dallas 1983,
writ dism’d)).  “The burden of tracing is
a difficult, but not impossible, burden to sustain.”  Id. at
*2.  However, “[i]f separate property and
community property have been so commingled as to defy resegregation and
identification, the statutory presumption of community property prevails.”  Id.
(citing In re Estate of Hanau, 730
S.W.2d 663, 667 (Tex. 1987)). 
Accordingly, we resolve any doubt as to the character of property in
favor of the community estate.  Id.  

            The master found
that the BancorpSouth account was a joint account that contained community
funds.[4]  Yet, Sam failed to produce records from
BancorpSouth in either hearing, save one document demonstrating that Donna’s
name was on the account and that transfers to or from unspecified trusts
occurred on September 27, 2004.[5]  The Jones account documents Sam produced did
nothing to demonstrate that there was no taint of the separate property
character of the assets with community property funds while they were in the
BancorpSouth account.  Further, the
records indicated that certain sums were classified as income, and Sam’s
counsel agreed that “[t]he vast majority of the money or all of the money in
[the Jones] account came from your trust that you established prior to marriage
or the growth of the stock from there.” 
Interest earned on separate property during the marriage is community
property.  McElwee v. McElwee, 911 S.W.2d 182, 188–89 (Tex. App.––Houston [1st
Dist.] 1995, writ denied).

            In
sum, we find that Sam failed to prove the separate character of the Jones
account after his marriage to Donna by clear and convincing evidence.  In the absence of evidence that the trial
court clearly abused its discretion by creating a manifestly unjust and unfair
division of property, we may not reverse its judgment.  

IV.       Conclusion 

            We
affirm the trial court’s judgment. 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          August
3, 2010

Date Decided:             August
12, 2010











[1]The
trust “spins off” about “eighteen . . . thousand bucks every quarter,” but “[n]ow
it’s down to less than half of that.” 





[2]There
is a $324.00 discrepancy in the property division. 





[3]Sam
requested findings of fact and conclusions of law from the trial court.  The trial court’s findings mirrored Cranford’s
report.  “Since the evidence must be
heard anew on issues concerning which objections are made, and the master’s
findings are conclusive on other issues, the court has no occasion to inquire
into the evidence heard by the master.”  Cameron v. Cameron, 601 S.W.2d 814, 815
(Tex. Civ. App.––Dallas 1980, no writ). 





[4]The
trial court heard that a transfer of money acquired from the sale of inherited
property was placed into the Jones account. 
The parties were married on September 9, 1999.  From the record exhibits, it is unclear
whether the inherited stock was sold prior to or after the date of
marriage.  

 





[5]The
account was closed in 2006.