**TRANSAMERICAN NATURAL GAS CORPORATION, Relator,**

v.

**The Honorable Manuel FLORES, Respondent.**

No. 94–0060.

Supreme Court of Texas.

Feb. 2, 1994.

Rehearing Overruled March 9, 1994.

John C. Nabors, Phillip Sanov, Dallas, Carlos Zaffirini, Laredo, Ramon Garcia, Edinburg, Michael D. Jones, Jeffrey R. Koch, Houston, and José "Chito" Vela, Laredo, for relator.

Murry Fogler, Houston, Charles R. Borchers, Laredo, Eric B. Brown, Houston, Manuel R. Flores, Laredo, J. Christopher Reynolds, Houston, James K. Jones, Jr., Laredo, Robin C. Gibbs, Michael Napoli, Houston, and Alicia C. Finley, Laredo, for respondent.

ON PETITION FOR WRIT OF MANDAMUS

PER CURIAM.

We consider whether the trial court abused its discretion in granting a motion to compel the production of privileged documents by finding that the applicable privilege was waived under the "offensive use" doctrine. We hold that in this case the trial court abused its discretion in ordering the production of two documents by incorrectly applying the "offensive use" doctrine. Because TransAmerican has no adequate remedy at law, we conditionally grant the writ of mandamus as to these documents.

The discovery dispute in this case arose out of a claim of a conspiracy to manipulate gas prices in a gas purchase agreement be-

tween the Relator, TransAmerican Natural Gas Corporation ("TransAmerican"), and Coastal Oil & Gas Corporation, Coastal Gas Marketing Company, and The Coastal Corporation ("Coastal") using a pricing system referred to as VIGAS (developed by the Valero Industrial Gas Company). Coastal, Valero Transmission Company, and Valero Industrial Gas Company ("Valero"), the Real Parties in Interest, are alleged to be a part of that conspiracy.

In response to a request by Valero for certain documents, TransAmerican interposed objections to some of the requests on the grounds that certain documents were protected by the attorney-client, work product, and/or party communication privileges. Valero sought a motion to compel discovery of that material and Judge Flores granted that motion in part, finding that the privileges for two withheld documents were waived under the "offensive use" doctrine, and that several other withheld documents were not privileged. Judge Flores ordered TransAmerican to produce these documents. TransAmerican sought mandamus relief in the court of appeals and that court denied such relief. TransAmerican complains of all the rulings here.

### Waiver Claim

At the outset, Valero counters that Trans-American's failure to provide a record showing that Judge Flores abused his discretion renders this Court unable to consider any asserted error and asks this Court to deny TransAmerican's motion. Valero also claims that TransAmerican has waived its right to object to the Master's findings. Contrary to Valero's claim, TransAmerican objected to the Master's findings before Judge Flores approved and adopted the Master's Final Report in its entirety on January 13, 1994.[1] *See Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 160 (Tex.1993). TransAmerican re-urged its prior objections with respect to the "offensive use" doctrine at the hearing before Judge Flores.

As the party seeking relief, TransAmerican had the burden of providing this Court with a sufficient record to establish its right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992). TransAmerican has provided this Court with the statement of facts of the hearing before Judge Flores and has also provided the documents in question. Because Judge Flores specifically rejected TransAmerican's request to present evidence in support of its objections, we will not treat that rejection as waiver by TransAmerican.[2]

### "Offensive Use" Doctrine

■ This Court set out the test for application of the "offensive use" doctrine in *Republic*, 856 S.W.2d at 163. Before a party may be found to have waived an asserted privilege, the Court must determine that:

(1) the party asserting the privilege is seeking affirmative relief;

(2) the privileged information sought is such that, if believed by the fact finder, in all probability it would be outcome

---

1. TransAmerican objected to the "Master's Motion for Court Approval of Master's Report; Rulings on Discovery Motions; Findings of Fact and Conclusions of Law" which the Master, Ron Carr, issued on December 28, 1993. TransAmerican filed its objections on January 4, 1994 and filed supplemental objections on January 10, 1994. The Master issued his "Final Report of Master and Motion for Court Approval of Masters Final Report; Rulings on Discovery Motions; Findings of Fact and Conclusions of Law" on January 11, 1994, which closely resembled his Motion for Court Approval. Judge Flores entered an order adopting the Master's Final Report on January 13, 1994, after TransAmerican orally re-urged its objections. TransAmerican's objections to the prior document, coupled with its oral objection at the hearing, suffice as a proper objection. *See Republic Ins. Co. v. Davis*,

856 S.W.2d 158, 160 (Tex.1993); *McCrory & Co., Inc. v. Avery Mays Constr. Co.*, 690 S.W.2d 333, 334 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

2. Judge Flores made it clear that he was adopting the Master's report in its entirety. Unlike the situation in *Martin*, TransAmerican did object to Judge Flores' refusal to hear additional evidence. *See Martin v. Martin*, 797 S.W.2d 347, 350 (Tex. App.—Texarkana 1990, no writ) (considering asserted error only based on evidence before trial judge where there was no objection to court's refusal to admit additional evidence); *see also Minnich v. Jones*, 799 S.W.2d 327, 328 (Tex. App.—Texarkana 1990, no writ) (noting that contested fact issues should be tried *de novo* before the court or a jury where Master's report is challenged).

determinative of the cause of action asserted; and

(3) disclosure of the confidential communication is the only means by which the aggrieved party may obtain the evidence.

*Id.*

The first element of the *Republic* test is met. TransAmerican seeks affirmative relief by virtue of its counterclaim against Valero. Valero seeks the two documents to prove its defense of limitations. Our review of the documents indicates that they may be relevant, but mere relevance is not sufficient to waive TransAmerican's privilege. *Id.*

■ Our review of these documents reveals that they fail the second and third elements of the *Republic* test for waiver of the "offensive use" doctrine. It is difficult for us to conclude that, even if believed by the fact finder, in all probability, these documents would determine the outcome of Valero's case. *Id.* Furthermore, Valero has not proved that the disclosure of the confidential communication is the only means by which the aggrieved party may obtain that evidence.

■ Even if the trial judge erred in applying *Republic,* mandamus will issue only to correct a clear abuse of discretion or to correct the violation of a duty imposed by law when there is no other adequate remedy by law. *Walker,* 827 S.W.2d at 839. As far as factual issues or discretionary matters, this Court is not permitted to substitute its judgment for that of the trial court. *Id.* TransAmerican bears the burden of establishing that the trial court could have reached only one decision. *Id.* at 840. However, as to legal principles, a trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* A trial court's erroneous interpretation of the law constitutes a clear abuse of discretion. *Id.* Here, the *Davis* test for application of the "offensive use" doctrine was not met; thus, the trial court abused its discretion in finding waiver. However, the inquiry does not end there. There must also be no adequate remedy by appeal. *Id.* A party has no adequate remedy by appeal when the trial court erro-

neously orders the disclosure of privileged information which will materially affect the rights of the aggrieved party. *Id.* at 843. Thus, mandamus relief is proper here.

### Other Asserted Privileges

After reviewing the other documents which TransAmerican claims are protected by the attorney-client, work product, and/or party communication privileges, we conclude that TransAmerican has not met the standards for establishing an abuse of discretion. Thus, as to these documents, we overrule TransAmerican's claim that the trial court abused its discretion in finding no privilege and ordering the production of the listed documents.

Pursuant to Texas Rule of Appellate Procedure 122, a majority of this Court conditionally grants TransAmerican's Motion for Leave to File Writ of Mandamus, without oral argument, and conditionally grants mandamus relief with respect to the documents the trial court ordered TransAmerican to produce based on waiver under the "offensive use" doctrine. We overrule the remainder of TransAmerican's petition. The writ will issue only if Judge Flores refuses to set aside the disputed order in accordance with this opinion.

ENOCH, J., not sitting.