TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-03-00220-CV







In re State of Texas and Texas Commissioner of Insurance







NO. 03-03-00252-CV







In re State of Texas, Texas Commissioner of Insurance, and

Senators Robert Duncan and Troy Fraser







ORIGINAL PROCEEDINGS FROM TRAVIS COUNTY





M E M O R A N D U M O P I N I O N




 The State of Texas and the Texas Commissioner of Insurance have filed two petitions 
for writ of mandamus requesting relief from separate district court orders in the same suit below; the
State and the Commissioner are joined as relators by Senator Robert Duncan and Senator Troy Fraser
in the second petition. We will refer to the relators collectively as "the State." We deny both
petitions and dismiss all motions pending in both appellate causes of action.

 We may issue a writ of mandamus only when we find a clear abuse of discretion by
the district court for which the relators have no adequate remedy by appeal. See TransAmerican
Natural Gas Corp. v. Flores, 870 S.W.2d 10, 12 (Tex. 1994); see also In re Perry, 60 S.W.3d 857,
862 (Tex. 2001); Abor v. Black, 695 S.W.2d 564, 567 (Tex. 1985). With respect to resolution of
factual issues or matters committed to the trial court's discretion, we may not substitute our
judgment for that of the trial court. See Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). A trial
court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount
to a clear and prejudicial error of law." Id. (quoting Johnson v. Fourth Court of Appeals, 700
S.W.2d 916, 917 (Tex. 1985)). A party has no adequate remedy by appeal when a trial court
erroneously orders the disclosure of privileged information that will materially affect the rights of
the aggrieved party. TransAmerican, 870 S.W.2d at 12.

 By the first petition, appellate cause number 03-03-00220-CV, the State requests that
this Court direct the district court to vacate the portions of its April 18, 2003 discovery order that
compels the production of certain documents. After a hearing and an in camera inspection of
documents requested by intervenors below, the district court concluded that various privileges
protected certain documents from disclosure, and that the privileges did not protect other documents
from disclosure; the court ordered the latter documents produced. The court also ordered that two
documents be disclosed only to the intervenors' counsel. After careful review of the record
submitted to this Court, we find that the district court did not clearly abuse its discretion or order the
disclosure of privileged documents that will materially affect the State's rights such that it will have
no adequate remedy by appeal. We deny the petition.

 By the second petition, appellate cause number 03-03-00252-CV, the State requests
that this Court direct the district court to vacate its May 9, 2003 order denying the State's request to
quash the subpoenas issued to Senator Duncan and Senator Fraser and requiring the senators to
appear before the district court on May 20, 2003. Individuals acting in a legislative capacity are
immune from liability for those actions. Perry, 60 S.W.3d at 859; see also Bogan v. Scott-Harris,
523 U.S. 44, 46 (1998); Camacho v. Samaniego, 954 S.W.2d 811, 823 (Tex. App.--El Paso 1997,
pet. denied). It is not consonant with our scheme of government for a court to inquire into the
motives of legislators in conducting their legislative activities. See Perry, 60 S.W.3d at 860; see also
Bogan, 523 U.S. at 55; Clear Lake City Water Auth. v. Salazar, 781 S.W.2d 347, 350 (Tex.
App.--Houston [14th Dist.] 1989, orig. proceeding). Because the immunity doctrine serves
important public purposes, courts have held that the doctrine generally shields legislative actors from
being required to testify about their legislative activities. Perry, 60 S.W.3d at 860; Clear Lake, 781
S.W.2d at 349-50. An action is legislative in nature when it reflects a discretionary, policymaking
decision of general application, rather than an individualized decision based upon particular facts. 
Perry, 60 S.W.3d at 860; see also Bogan, 523 U.S. at 55-56.

 After hearing argument, the district court distinguished between the senators'
mediation of the settlement of the lawsuit, which the court deemed an executive function, and the
senators' contemplation of proposed legislation. In denying the motions to quash, the district court
assured the senators that the court would not allow them to be questioned concerning their motives
or their contemplation of any clearly legislative activity. Because we find no abuse of discretion in
the district court's determination that the legislative privilege does not excuse the senators from
appearing to testify about their non-legislative actions in negotiating the settlement of the underlying
litigation, we deny the petition.

 Having denied both petitions, we dismiss all pending motions filed in conjunction
with the petitions. We lift our stay of enforcement of the court's order compelling production of
documents. The copies of the documents submitted under seal to this Court in cause number 03-03-00220-CV remain under seal.



 

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Filed: May 15, 2003