Petition for Writ of Mandamus Conditionally Granted and Memorandum
Opinion filed February 10, 2005









Petition for Writ of Mandamus Conditionally Granted
and Memorandum Opinion filed February 10, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00029-CV

____________

 

IN RE DENNIS H. BONNEN, Relator

_____________________________________________

 

ORIGINAL PROCEEDING

WRIT
OF MANDAMUS

_____________________________________________

 

M E M O R A N D U M   O
P I N I O N








On December 31, 2004, relator filed a petition
for writ of mandamus in the Court of Appeals for the First District of
Texas.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also Tex. R. App. P. 52.  Along with his petition, relator filed an
Emergency Motion for Temporary Relief.  See
Tex. R. App. P. 52.10.  The Court of Appeals for the First District
of Texas issued an order staying the trial court=s December 10, 2004 order in the
underlying cause, Paul Barnard, Jr., et al. v. Burlington Northern Santa Fe
Corporation, et al., No. 16509-1 in the 23rd District Court in
Brazoria County, Texas.  On January 12,
2005, the Court of Appeals for the First District of Texas transferred this
original proceeding to this Court.  See
Tex. Gov=t Code Ann. ' 22,202(i) (Vernon 1998).  This Court requested a response to the
petition, which was filed on January 27, 2005. 
See Tex. R. App. P. 52.4.  We conditionally grant the writ.

On October 27, 2004, the plaintiffs in the underlying case
served deposition subpoenas and document requests on both relator and Bobby
Verdine.  Relator represents Legislative
District 25 in the Texas House of Representatives, and Representative Bonnen=s legislative office employed Verdine
as a Special Assistant from on or about January 1999 through March 2000.[1]  Relator has asserted that the plaintiffs= requests seek discovery of
privileged and confidential information regarding certain contacts between
relator=s legislative office and his
constituents related to the railway crossing accident that is the subject of
the underlying suit, and he has moved to quash the deposition subpoenas and
subpoenas duces tecum.  

The trial court conducted a hearing on the motion, and on
December 10, 2004, signed an order granting relator=s motion in part with respect to the
production of most of the requested documents. 
The court denied the motion to quash the deposition subpoenas.  In relevant part, the court ordered that: 

Representative Bonnen and Mr. Verdine should make
themselves available for deposition by Plaintiffs= counsel
by December 31, 2004, but that the examination shall be limited only to
matters, if any, not protected by the legislative privilege set forth in
Section 306 of the Texas Government Code, and provided further that Plaintiffs= counsel is limited to no more than two hours of
examination of the witness in each of the depositions.








In his petition, relator seeks to have this court compel the
Honorable Ben Hardin, presiding judge of the 23rd District Court in Brazoria
County, Texas, to set aside that portion of his December 10, 2004, order
directing that relator and Verdine to comply with the deposition subpoenas
served upon them in the underlying case.[2]  In two issues, he asserts the trial court
abused its discretion and/or committed a clear error of law by ordering relator
and Verdine to comply with deposition subpoenas in violation of sections
306.001 through 306.006 of the Texas Government Code,[3]
which provides for the confidentiality of communications between a member of
the legislature and citizens of this state, because all such contacts were made
pursuant to relator=s official duties and occurred after the accident at issue in
the underlying suit.

Mandamus will issue only to correct a clear abuse of
discretion or the violation of a duty imposed by law when there is no adequate
remedy by appeal.  In re Daisy Mfg.
Co., Inc., 17 S.W.3d 654, 658 (Tex. 2000) (orig. proceeding).  A trial court has no discretion in
determining what the law is or in applying the law to the facts.  Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992)(orig. proceeding).  Thus, a
clear failure by the trial court to analyze or apply the law correctly will
constitute an abuse of discretion.  An
appellate remedy will be inadequate when an appellate court cannot cure the
trial court=s discovery order.  Id. at 843.








Although not addressed by the parties, we find that the
doctrine of legislative immunity controls the issues raised in this
proceeding.  Texas and federal courts
have recognized that individuals acting in a legislative capacity are immune from
liability for those actions.  See, e.g.,
Bogan v. Scott‑Harris, 523 U.S. 44, 46, 118 S. Ct. 966 (1998); Camacho
v. Samaniego, 954 S.W.2d 811, 823B24 (Tex. App.CEl Paso 1997, pet. denied).  Because the immunity doctrine serves
important public purposes, courts have affirmed that the doctrine generally
shields legislators not only from liability, but also from being required to
testify about their legislative activities. 
See, e.g., Gravel v. United States, 408 U.S. 606, 615B16, 92 S. Ct. 2614 (1972) (holding
that senator could not be made to answer questions about events that occurred
in senate subcommittee meeting); Dombrowski v. Eastland, 387 U.S. 82,
85, 87 S. Ct. 1425 (1967) (noting that legislators Ashould be protected not only from the
consequences of litigation=s results but also from the burden of defending themselves@); Clear Lake City Water Auth. v.
Salazar, 781 S.W.2d 347, 349B50 (Tex. App.CHouston [14th Dist.] 1989, orig.
proceeding) (holding that members of water authority could not be questioned
about legislative activities). 
Legislative immunity also extends to the legislator=s aides because their assistance is Aso critical to the [legislator=s] performance that they must be
treated as the latter=s alter egos@ to avoid thwarting the purposes legislative immunity
furthers.  In re Perry, 60 S.W.3d
857, 861 (Tex. 2001) (quoting Gravel, 408 U.S. at 616‑17, 92 S.
Ct. 2614, and holding that legislative immunity applies to activities of
Legislative Redistricting Board=s members and their aides in developing redistricting
plan).  








Legislative immunity encompasses a testimonial privilege
precluding compulsory disclosure in discovery.[4]  See In re Perry, 60 S.W.3d at
861.  Thus, relator and his aide are
protected by legislative immunity from complying with the deposition subpoenas
in this case.[5]  We hold that the trial court abused its
discretion by compelling a member of the state legislature and his former aide
to testify in violation of legislative immunity.  Furthermore, relator is entitled to mandamus
relief because there is no adequate remedy by appeal when the trial court
erroneously orders the disclosure of privileged information.  See TransAmerican Natural Gas Corp. v.
Flores, 870 S.W.2d 10, 12 (Tex. 1994). 

Accordingly, we conditionally grant relator=s petition for writ of mandamus.  In light of this opinion, we are confident
that the trial court will vacate its order compelling relator to appear for his
deposition.  The writ of mandamus will
issue only if the trial court does not do so.

PER CURIAM

 

Petition Denied
and Memorandum Opinion filed February 10, 2005.

Panel consists of
Chief Justice Hedges and Justices Fowler and Seymore.

 

 











[1]  Verdine is not
a relator in this proceeding.  





[2]  Relator has
not challenged the portion of the order requiring production of documents
described in Section 1D of the Subpoena Duces Tecum.  





[3]  For example,
Section 306.004 provides in relevant part:

(a) To ensure the right of the citizens of this state
to petition state government, as guaranteed by Article I, Section 27, of the
Texas Constitution, by protecting the confidentiality of communications of
citizens with a member of the legislature of the lieutenant governor, the
public disclosure of all or part of a written or otherwise recorded
communication from a citizen of this state received by a member or the
lieutenant governor in his official capacity is prohibited unless:

(1) the citizen expressly or by clear implication
authorizes the disclosure;

(2) the communication is of a type that is expressly
authorized by statute to be disclosed; or

(3) the official determines that the disclosure does
not constitute an unwarranted invasion of personal privacy of the communicator
or another person.

Tex. Gov=t Code Ann. ' 306,004 (Vernon 1998).





[4]  Whether this
immunity is absolute or subject to very limited exceptions in extraordinary
circumstances is immaterial to this proceeding because no extraordinary
circumstances were alleged or established. 
See In re Perry, 60 S.W.3d at 860 (noting legislator=s testimonial privilege may be subject to limited,
very closely guarded exceptions when invidious legislative intent is an element
of a cause of action as discussed in Village of Arlington Heights v.
Metropolitan Housing Dev. Corp., 429 U.S. 252, 268, 97 S. Ct. 555 (1977)).





[5]  The 79th
Legislature convened in Austin on January 11, 2005.  Therefore, the Legislative Continuance
statute, section 30.003 of the Civil Practice and Remedies Code, also protects
relator.  The statute applies to any
suit, Aand to any matters ancillary to the suit that require
action by or the attendance of an attorney.@  Tex.
Civ. Prac. & Rem. Code Ann. ' 30,003
(Vernon 1997).  The inclusion of Amatters ancillary@ in the
1973 amendment to the statute applies to depositions.  See Schwartz v. Jefferson, 520 S.W.2d
881, 886 (Tex. 1975).