In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-497 CV


____________________



IN RE CHRISTUS HEALTH SOUTHEAST TEXAS


d/b/a CHRISTUS ST. ELIZABETH HOSPITAL






Original Proceeding






MEMORANDUM OPINION


 Relator Christus Health Southeast Texas d/b/a Christus St. Elizabeth Hospital has filed
a petition for writ of mandamus alleging the trial court abused its discretion by signing a
discovery order. The order granted the motion of real party-in-interest, Anita Dawson and
Wesley Dawson as Parents and Next Friends of O.M.D., a minor, to compel the Hospital to
answer interrogatories. We temporarily stayed the trial court's order and requested a
response from the Dawsons. 

 The underlying suit is a medical malpractice case. The Dawsons contend that due to
the medical negligence of the Hospital, O.M.D. experienced repetitive episodes of hypoxia
and ischemia while in the Hospital's Neonatal Intensive Care Unit (NICU), and that as a
result the child suffered brain injury. 

 In their fourth request for production, the Dawsons requested that the Hospital
produce the following documents:

 6. The pages of Christus St. Elizabeth Hospital's admission log or
record book showing all neonates admitted into the Neonatal
Intensive Care Unit that weighed less than 1000 grams
beginning January 1, 2004 through December 31, 2004. This
request does not seek the identities of these neonates.


 7. The pages of Christus St. Elizabeth Hospital's admission log or
record book showing all neonates admitted into the Neonatal
Intensive Care Unit that were transferred to another facility
beginning January 1, 2004 through December 31, 2004. This
request does not seek the identities of these neonates.


 8. The pages of Christus St. Elizabeth Hospital's admission log or
record book showing all neonates admitted into the Neonatal
Intensive Care Unit that died while in the Neonatal Intensive
Care Unit beginning January 1, 2004 through December 31,
2004. This request does not seek the identities of these
neonates.


 In their second set of interrogatories, the Dawsons served interrogatories requesting
the same information from the same documents:

 INTERROGATORY NO. 3:


 If Christus St. Elizabeth Hospital keeps an admission log or record of
all neonates admitted into the Neonatal Intensive Care Unit, please identify the
number of neonates admitted into the Neonatal Intensive Care Unit (NICU)
that weighed less than 1000 grams upon admission from each year beginning
January 1, 1994 through December 31, 2004.


 INTERROGATORY NO. 4:


 If Christus St. Elizabeth Hospital keeps an admission log or record of
all neonates admitted into the Neonatal Intensive Care Unit, please identify the
number of neonates that were admitted into the Neonatal Intensive Care Unit
(NICU) that weighed less than 1000 grams that were transferred to another
facility for each year beginning January 1, 1994 through December 31, 2004.


 INTERROGATORY NO. 5:

 

 If Christus St. Elizabeth Hospital keeps an admission log or record of
all neonates admitted into the Neonatal Intensive Care Unit, please identify the
number of neonates that died while in the Neonatal Intensive Care Unit
(NICU) for each year beginning January 1, 1994 through December 31, 2004.


 The Dawsons filed a motion to compel the Hospital to produce the documents and to
answer the interrogatories. The Hospital objected that the requests required the Hospital to
disclose information protected from disclosure by the statutory medical peer review and
medical committee privileges. The Hospital filed an affidavit by Denise Birdwell, R.N. --
the Nurse Manager of the Hospital's NICU -- specifically detailing the bases for the
privileges asserted by the Hospital as to the documents and information:

 Each of these requests seek confidential documents and information that is
gathered and maintained at the request of and for the purposes of
communicating the information to the Joint Commission on Accreditation of
Healthcare Organizations ("JCAHO") and the hospital's Quality Counsel. 
Each of these requests seek documents and information that are confidential
and privileged communications to JCAHO for the commission's survey of the
facility. These documents and information are also gathered and maintained
at the request of the Quality Counsel and are communicated to and used by the
Quality Counsel to initiate actions intended to improve the quality of
healthcare services. All of the above information and documents are gathered
and maintained as confidential and privileged documents and communications
for the purpose of improving the quality of healthcare services and of
providing the documents to or reporting the information to JCAHO and the
Quality Counsel. These documents and information are kept separate from the
hospital's patient records and financial records. 


 The trial court denied the Dawsons' motion to compel the Hospital to produce the
privileged documents requested in Requests 6, 7, and 8 of the Dawsons' Fourth Request for
Production. The trial court granted the Dawsons' motion to compel the Hospital to answer
Interrogatories 3, 4, and 5 of the Dawsons' Second Set of Interrogatories. The Hospital
argues the court implicitly ruled that although the admission logs and records were protected
by the privilege from disclosure, the Hospital nevertheless was required to produce
information contained in those documents. 

 Mandamus relief is proper when the trial court clearly abuses its discretion or violates
a duty imposed by law and the relator has no adequate remedy at law. In re Dana Corp., 138
S.W.3d 298, 301 (Tex. 2004). "A party has no adequate remedy by appeal when the trial
court erroneously orders the disclosure of privileged information." In re Perry, 60 S.W.3d
857, 862 (Tex. 2001)(citing TransAmerican Nat'l Gas Corp. v. Flores, 870 S.W.2d 10, 12
(Tex. 1994)). 

 The Texas Supreme Court, in discussing the medical committee privilege and the
medical peer review committee privilege, has made clear that any "'records or proceedings'
of a medical committee (including a medical peer review committee) are confidential," and
that such privilege also includes "'any communication made to' the committee." In re Living
Ctrs. of Texas, Inc., 175 S.W.3d 253, 257 (Tex. 2005)(quoting Tex. Occ. Code Ann. §
160.007(a) (Vernon 2004)). Other confidential documents under the privilege are those
"'generated' by a committee or 'prepared by or at the direction of the committee for
committee purposes.'" Id. (citing Memorial Hospital - The Woodlands v. McCown, 927
S.W.2d 1, 10 (Tex. 1996)). However, "business records excepted from the privileges include
a 'patient's medical records' and 'business and administrative files and papers apart from
committee deliberations.'" Id. at 257-58 (citing McCown, 927 S.W.2d at 10). "'[T]he
privilege [does] not prevent discovery of material that ha[s] been presented to a hospital
committee if it [is] otherwise available and 'offered or proved by means apart from the record
of the committee.'" Id. at 260 (citing McCown, 927 S.W.2d at 10).

 Each of the interrogatories made the subject of the petition for writ of mandamus is
prefaced with, "if Christus St. Elizabeth Hospital keeps an admission log or record of all
neonates admitted into the Neonatal Intensive Care Unit . . . ." The three interrogatories 
focused on a log the real parties in interest concede would probably be privileged. (1) In their
brief to this Court, the Dawsons acknowledge the intended focus of their interrogatories. 
They state, "The interrogatories refer to the admission logs because those records offer a
readily available, already existing summary of the information contained in the individual
patient records." The Dawsons also state, "The questions were drafted with the reference to
NICU admission logs in anticipation of an 'unduly burdensome' objection that would have
been lodged (and was lodged, R. Tab 5(E)) if the Hospital had been asked specifically to go
through all the individual patient records in order to respond." However, a reason
interrogatories must be specific is that the responding party will know what is being sought
and can make appropriate responses or objections. Ordinarily an interrogatory that asks for
privileged information is not a proper discovery request, even if the information sought is
relevant. See Tex. R. Civ. P. 192.3 (generally, the scope of permissible discovery does not
include privileged information). 

 Absent exceptions not applicable here, an interrogatory should not be tailored to ask
for information from a privileged source. See generally In re CSX Corp., 124 S.W.3d 149,
152-53 (Tex. 2003)("A central consideration in determining overbreadth is whether the
request could have been more narrowly tailored to avoid including tenuous information and
still obtain the necessary, pertinent information."). The interrogatories here targeted a
privileged source for the admitted purpose of deflecting an "undue burden" objection. Had
the discovery requests asked the Hospital to review its patient records for the last ten years
to obtain the information, different discovery issues would be presented, including whether
retrieving the requested information would be unduly burdensome and whether the
interrogatories would be overly broad. (2) However, the Hospital cannot be required to use a
privileged document as the source of an interrogatory response. See Living Ctrs. of Texas, 
175 S.W.3d at 260. ("However, the source of nonprivileged material cannot be the peer
review committee or any other entity or individual included within the protections of the
committee privileges."). 

 Where as here both parties agree the interrogatory was focused to harvest information
from a privileged document -- because the proponent of the discovery believes a specific
request for a review of individual patient records over a ten year span would be objected to
as unduly burdensome -- we are reluctant to conclude the responding party waived its "undue
burden" objection when it sought to protect its privilege; under the circumstances of this
case, the discovery request should be specific to the non-privileged sources before proof of
an undue burden is required. See generally Texaco, Inc. v. Sanderson, 898 S.W.2d 813, 815
(Tex. 1995)(Deficiency in response was not a waiver of privilege because discovery request
was overly broad.). Because the real party in interest did not specifically request a ten year
review of individual patient records, we do not find a waiver on this record by the Hospital
of the "undue burden" objection to that task. 

 The petition for writ of mandamus is conditionally granted to the extent it requires the
use of privileged information as a source to answer the interrogatories. Whether the
information sought here may be obtained from patient or business records without undue
burden should be addressed by the trial court only after a specific request for that discovery
is propounded. We are confident the trial court will comply with this opinion. The writ will
issue only if the court does not. 

 WRIT CONDITIONALLY GRANTED.


 PER CURIAM


Submitted on December 2, 2005

Opinion Delivered February 9, 2006


Before McKeithen, C.J., Gaultney, and Kreger, JJ.
1. The parties seem to agree with the court order that the document request asked for
documents privileged from discovery. The real parties in interest say they "withdrew" the
document requests because the logs "would probably themselves be protected from discovery
if the privilege for the logs was properly preserved by the respondent -- even if the
underlying information itself would be discoverable in another or other formats." 
2. The Hospital filed written objections that the interrogatories were overly broad and
unduly burdensome, and at the hearing on motion for reconsideration asked for a continuance
to submit affidavits. The Hospital continued to argue the interrogatories were improper on
their face.