In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-561 CV


____________________



IN RE HORIZON OFFSHORE CONTRACTORS, INC.






Original Proceeding






 MEMORANDUM OPINION 


 In this original proceeding in mandamus, Horizon Offshore Contractors, Inc. petitions
this Court to vacate the trial court's order compelling production of a third-party-claims-
adjuster's file. Because the real party in interest has not demonstrated a substantial need for
these materials and because the materials are non-core work product, we conditionally grant
relief.

 The underlying litigation is a Jones Act suit in which Paul D. Massey seeks to recover
for his employer's alleged negligence in causing his back injury. See 46 U.S.C.A. App. §
688 (West Supp. 2006). Massey requested production of the entire claim file of the persons
responsible for paying his maintenance and cure. Horizon objected to Massey's request on
the basis that it sought to obtain protected work product. See Tex. R. Civ. P. 192.5. Massey
responded that he needed access to the complete file of the claims adjuster to argue issues
relating to limitations. (1) After Horizon provided Massey with redacted copies of a large
portion of the claims file, Horizon prepared a privilege log and submitted 144 unredacted
pages for an in camera review. The trial court sustained Horizon's objections to some of the
documents but overruled others. Horizon filed its mandamus petition and the documents
were forwarded to this Court.

 Work product includes: (1) "material prepared or mental impressions developed in
anticipation of litigation or for trial by or for a party or a party's representatives, including
the party's . . . insurers, employees, or agents;" and (2) "a communication made in
anticipation of litigation or for trial between a party and the party's representatives or among
a party's representatives, including the party's insurers, employees, or agents." Tex. R. Civ.
P. 192.5(a). Because the particular documents involved in this case are non-core work
product, the claim file "is discoverable only upon a showing that the party seeking discovery
has substantial need of the materials in the preparation of the party's case and that the party
is unable without undue hardship to obtain the substantial equivalent of the material by other
means." Tex. R. Civ. P. 192.5(b). 

 Massey contends the claim file is discoverable because it was not prepared in
anticipation of litigation. "Anticipation of litigation" is determined by an objective and 
subjective test. National Tank Co. v. Brotherton, 851 S.W.2d 193, 204-07 (Tex. 1993). The
objective test is satisfied "whenever the circumstances surrounding the investigation would
have indicated to a reasonable person that there was a substantial chance of litigation." Id.
at 204. "The underlying inquiry is whether it was reasonable for the investigating party to
anticipate litigation and prepare accordingly." Id. The subjective test is satisfied "if the party
invoking the privilege believes in good faith that there is a substantial chance that litigation
will ensue." Id. 

 Massey relies on a previously produced communication regarding settlement
negotiations. In this email dated October 7, 2003, the claims adjuster expressed his opinion
that the case could be settled and that he felt the claimant would not retain an attorney. 
Massey argues this communication exposes a subjective belief that litigation would be
avoided. Our review of the disputed documents reveals that the claims adjuster realized a
suit might be filed and prepared the case accordingly. The adjuster's file presents a diary of
the activity on the claim and includes speculation concerning what it would cost to settle the
claim and the adequacy of the reserve amounts. By March 24, 2002, the persons assessing
Horizon's liability had formed a subjective expectation that there was a substantial chance
that litigation would ensue. All of the documents ordered to be produced were created after
that date. 

 Because the adjuster's claim file was prepared in anticipation of litigation by
Horizon's agent it is subject to the privilege established in the Rules of Civil Procedure. 
Therefore, the real-party-in-interest has the burden to establish, among other elements, a
substantial need for the documents. Tex. R. Civ. P. 192.5(b). Massey argues he needs the
documents to support his claim for equitable tolling of limitations. See generally Burnett v.
New York Cent. R.R. Co., 380 U.S. 424, 13 L.Ed.2d 941, 85 S.Ct. 1050 (1965). He also
contends the offensive use doctrine precludes Horizon from shielding the adjuster's claim
file from discovery while asserting a limitations defense in its pleadings. See generally
TransAmerican Natural Gas Corp. v. Flores, 870 S.W.2d 10, 11-12 (Tex. 1994). He does
not contend that Horizon had a duty to advise Massey on the law, however, and none of the
disputed documents establish that Horizon's agents misrepresented the applicable limitations
period. Compare Ginsberg v. Fifth Court of Appeals, 686 S.W.2d 105, 106-07 (Tex. 1985)
(statement to psychiatrist in 1972 contradicted claim that plaintiff was unaware of deed until
1981). The documents produced in camera herein are insufficient to support an implied
finding that "the privileged information sought is such that, if believed by the fact finder, in
all probability it would be outcome determinative of the cause of action asserted[.]" Flores,
870 S.W.2d at 11-12. 

 The burden is on the party seeking production to establish that the exception to the
privilege applies. In re Seigel, 198 S.W.3d 21, 28 (Tex. App.-El Paso 2006, orig. proceeding
[mand. denied]). Because that burden has not been met in this case, the trial court abused its
discretion in ordering production of the privileged documents. Since the disclosure of
privileged documents cannot be remedied on appeal, mandamus is appropriate to correct an
order that improperly requires the production of privileged documents. In re Living Ctrs. of
Tex., Inc., 175 S.W.3d 253, 256 (Tex. 2005). 

 We direct the trial court to vacate that part of its December 8, 2006 discovery order
that requires Horizon to produce the identified portions of pages 2, 35, 40, 54, 57, 59, 61, 65,
66, 85, 108, 109, 110, 111, 117, 119, 123, 124, 127, and 130. We are confident the trial court
will promptly comply. Our writ will issue only if it does not.

 WRIT CONDITIONALLY GRANTED.

 PER CURIAM

Opinion Delivered January 18, 2007

Before Gaultney, Kreger, and Horton, JJ.
1. The accident occurred February 1, 2002, and Massey filed his suit October 25,
2005. Horizon pled limitations as an affirmative defense to suit. See 46 U.S.C.A. App.
§ 763a (West Supp. 2006).