# NO. 12-09-00425-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  | § |  |
| --- | --- | --- |
| *IN RE: ROBERT C. MORRIS,* | | |
| *RELATOR* | § | *ORIGINAL PROCEEDING* |
|  | § | |

*MEMORANDUM OPINION*

In this original proceeding, Relator, Robert C. Morris, seeks a writ of mandamus directing the respondent, the Honorable Pam Foster Fletcher, Judge of the 349th Judicial District Court, Anderson County, Texas, to rule on certain pending motions filed by Morris on or about May 6, 2009. We deny the petition.

Mandamus is an extraordinary remedy and was intended to be available "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). For Morris to be entitled to relief by mandamus, he must meet two requirements. First, he must show that the trial court clearly abused its discretion. *See id*. Second, he must show that he lacks an adequate remedy at law, such as an ordinary appeal. *See id*. Courts of appeals have the power to compel a trial court to rule on a pending motion. *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.-San Antonio 1998, orig. proceeding). But when a relator complains that a trial court has failed to rule on a motion, he must also establish that the motion has been called to the trial court's attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

The relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *TransAmerican Natural Gas Corp. v. Flores*, 870 S.W.2d 10, 11 (Tex. 1994); *see also* TEX. R. APP. P. 52.7(a). Therefore, the Texas Rules of Appellate Procedure require, in part, that a relator file with his petition a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding. *See* TEX. R. APP. P. 52.7(a)(1). Here, Morris alleges that he has filed certain motions in the trial court. He alleges further that

the motions have been called to the trial court's attention, but that the trial court has failed or refused to rule on them. However, Morris's mandamus petition was not accompanied by the required record. We are therefore unable to evaluate the allegations in his petition to determine whether he is entitled to the relief he seeks. Accordingly, the petition for writ of mandamus is ***denied***.

                                                                    BRIAN HOYLE
                                                                        Justice

Opinion delivered December 16, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

2